UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASHLEY O'BRIEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | Jury |
| CITY OF CORPUS CHRISTI, | § | |
| TEXAS and SGT. TERESA | § | |
| LUCICH, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff file this complaint and for cause of action will show the following:

**Parties**

1.    Plaintiff Ashley O'Brien ("Ashley" or "O'Brien") is a natural person who resided in, was domiciled in, and was a citizen of Texas at all relevant times.

2.    Defendant City of Corpus Christi, Texas ("Corpus Christi," "City of Corpus Christi," or the "City") is a Texas incorporated municipality/city. Corpus Christi may be served with process pursuant to Federal Rule of Civil Procedure 4(j)(2) by serving its chief executive officer. The identity of Corpus Christi's chief executive officer is determined by Corpus Christi's decision to use the council-manager form of government. As a result, Corpus Christi's chief executive officer is

City Manager Peter Zanoni. City Manager may be served with process at 1201 Leopard Street, Corpus Christi, Texas 78401, or wherever he may be found. Corpus Christi may also be served with process pursuant to Federal Rule of Civil Procedure 4(j)(2) by serving it in the manner prescribed by Texas State law for serving a summons or like process (a citation in Texas state courts) on such a Defendant. Texas Civil Practice and Remedies Code 17.024(b) reads, "In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." Therefore, Corpus Christi may also be served with process by serving its clerk, secretary, or treasurer wherever any such person may be found. Corpus Christi acted or failed to act at all relevant times, in accordance with its customs, practices, and/or policies, through its policymakers, chief policymakers, employees, agents, representatives, and/or police officer(s) and is liable for such actions and/or failure to act to the extent allowed by law (including but not necessarily limited to law applicable to claims pursuant to 42 U.S.C. § 1983).

3.     Defendant Teresa Lucich (sometimes referred to herein as "Ms. Lucich," "Officer Lucich," and "Sergeant Lucich") is a natural person who resides, is domiciled, and may be served with process at her place of employment, Corpus Christi Police Department, 321 John Sartain Street, Corpus Christi, Texas 78401. Ms. Lucich may also be served with process wherever she may be found or, pursuant to Federal Rule of Civil Procedure 4(e), by leaving a copy of this complaint and a

summons directed to Ms. Lucich at Ms. Lucich's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Ms. Lucich is being sued in her individual capacity, and she acted at all relevant times under color of state law. Ms. Lucich was employed by City of Corpus Christi at all such times and acted or failed to act in the course and scope of her duties for City of Corpus Christi.

### Jurisdiction and Venue

4.    The court has original subject matter jurisdiction over this lawsuit according to 28 U.S.C. §§ 1331 and 1343(4), because this suit presents a federal question and seeks relief pursuant to a federal statute providing for the protection of constitutional rights. This suit arises under the United States Constitution and 42 U.S.C.§ 1983. The court has personal jurisdiction over City of Corpus Christi because it is a Texas city. The court has personal jurisdiction over Officer Lucich because she resides and is domiciled in, and is a citizen of, Texas.

5.    Venue is proper in the Corpus Christi Division of the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to claims in this lawsuit occurred in Nueces County, which is in the Corpus Christi division of the United States District Court for the Southern District of Texas.

**Factual Allegations**

6.    Plaintiff provides in the paragraphs below the general substance of certain factual allegations. Plaintiff does not intend that these paragraphs provide in detail, or necessarily in chronological order, any or all allegations. Rather, Plaintiff' intends to provide Defendants sufficient fair notice of the general nature and substance of Plaintiff's allegations, and further demonstrate that Plaintiff's claim(s) have facial plausibility. Whenever Plaintiff pleads factual allegations "upon information and belief," Plaintiff is pleading that the specified factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Moreover, where Plaintiff quotes a document, conversation, or recording verbatim, Plaintiff has done her best to do so accurately and without any typographical errors. Further, whenever Plaintiff refers to law enforcement officers, unless otherwise noted, she is referring to employees of City of Corpus Christi.

7.    Plaintiff pleads a significant portion of the facts regarding the incident during which Officer Lucich used excessive force against Ashley and restricted her freedom in the absence of a warrant and without probable cause to do so upon information and belief. Plaintiff has been forced to do so, because City of Corpus Christi failed and refused to provide evidence regarding this incident in response to a Public Information Act request.

8.    On November 19, 2019, Ashley was at her place of residence. Shortly before 4:00 o'clock p.m. she took some medication. She had an adverse reaction to the medication. In response, her husband, Joaquin Cortez, made a 9-1-1 call and requested EMS to come to their location. The City of Corpus Christi dispatch operator did not, however, dispatch an EMS vehicle to Plaintiff's residence. Instead, the City of Corpus Christi dispatch operator dispatched two City of Corpus Christi Police Department patrol units to the Plaintiff's residence. One unit was driven by Sgt. Teresa Lucich and the other unit was driven by Officer G. Alvarez.

9.    At 4:05 o'clock p.m. the officers arrived at the scene; Lucich arrived first. Upon arrival Lucich found Plaintiff in the hallway. Lucich then began to force Plaintiff into the residence's bathroom. Apparently Lucich undertook this action because Plaintiff was not fully clothed at the time. During the next several minutes Officer Lucich continually laughed and taunted Plaintiff.

10.   Plaintiff, who was not in custody at that time, began contesting Officer Lucich's attempt to force Plaintiff into the bathroom of her house. Plaintiff contested this improper attempt to place Plaintiff into the bathroom of her own residence by pushing against Lucich. In response, Lucich violently attempted to push Plaintiff to the ground. This resulted in Plaintiff being thrown against the toilet where she suffered grievous injuries. Once Lucich had Plaintiff

in a prone position Lucich began flailing at Plaintiff with her closed fist, once again causing serious injuries.

11. As a result of Lucich's actions Plaintiff suffered serious injuries. Plaintiff's injuries included dislocation of the jaw, contusion of her left eyelid and periocular area, contusion of her throat and fractures of her nasal bones, resulting in jaw pain, an inability to eat and loss of consciousness. Indeed, Plaintiff has suffered over $60,000 in medical expenses.

12. Officer Lucich's actions and objective unreasonableness, and Corpus Christi's policies, practices, and/or customs, caused, were proximate causes of, and/or were producing causes of Ashley's damages sought and/or referenced in this pleading.

13. As a result of Officer Lucich's education, training, and experience, she knew defensive tactics, and how to recognize when a person was having a significant mental health episode and was not in fact a danger. Plaintiff is in the process of obtaining Officer Lucich's training records from the Texas Commission on Law Enforcement and will amend this section upon receipt of those records.

14. All reasonable officers in the position of Officer Lucich with similar education, experience, training, and background, would not have used force against Ashley. Instead, they would have begun with de-escalation techniques. If that were unsuccessful, and only as a last resort, and only if there was an

6

imminent threat of serious bodily injury or death to Officer Lucich or a third party, which Plaintiff denies, would they have used physical force.

15. City of Corpus Christi knew when Officer Lucich used unnecessary force against Ashley that its personnel, policies, practices, and/or customs were such that it could not or would not meet its constitutional obligations regarding use of force. City of Corpus Christi made decisions about policy and practice which it implemented through its City Council, Chief of Police, and/or through such widespread practice and/or custom that such practice and/or custom became the policy of City of Corpus Christi as it related to use of force. The Fifth Circuit Court of Appeals has made it clear that Plaintiffs need not allege at the pleading stage the specific identity of City of Corpus Christi's chief policymaker, and Plaintiff does not do so. Plaintiff merely suggests some final policymakers regarding issues in this case, and ultimately rely on the court to make that determination in accordance with Fifth Circuit precedent.

16. There were policies, practices, and/or customs of City of Corpus Christi which were moving forces behind, caused, were producing causes of, and/or proximately caused Ashley's damages referenced in this pleading. City of Corpus Christi made deliberate decisions, acting in a deliberately indifferent and/or objectively unreasonable manner, when implementing and/or allowing such policies, practices, and/or customs to exist. Further, when City of Corpus

Christi implemented and/or consciously allowed such policies, practices, and/or customs to exist, it knew with certainty that the result would be serious injury.

17. Upon information and belief, Officer Lucich was not terminated and/or was not the subject of any adverse employment action as a result of the excessive force against Ashley. This is some evidence of pre-existing policy, practice, and/or custom of using excessive force. While the word "ratification" is often used with factual allegations such as those in this paragraph, what constituted the moving force behind damages referenced in this pleading was actually pre-existing policy, practice, and/or custom. City of Corpus Christi's decision not to terminate or otherwise discipline Officer Lucich as a result of Ashley's beating, as well as regarding, upon information and belief, other prior uses of force by Officer Lucich, evidenced unconstitutional pre-existing policy, practice, and/or custom.

**Cause of Action Against Defendant Teresa Lucich Under 42 U.S.C. § 1983 for Violation of Constitutional Rights**

18. In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein (including all allegations in the "Factual Allegations" section above) to the extent they are not inconsistent with the cause of action pled here, defendant Teresa Lucich is liable to Plaintiff, pursuant to 42 U.S.C. 1983, for violating Ashley's rights guaranteed by the United States

8

Constitution, including the 4ᵗʰ Amendment. Officer Lucich used unreasonable, excessive, and unconstitutional force and unconstitutionally seized Ashley. Officer Lucich acted under color of state law at all times referenced in this pleading. Officer Lucich violated clearly established constitutional rights, and her conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident. Officer Lucich's actions caused, were proximate causes of, and were producing causes of all injuries and damages referenced in this pleading. Officer Lucich is not entitled to qualified immunity.[1]

---

[1] The defense of qualified immunity is, and should be held to be, a legally impermissible defense. In the alternative, it should be held to be a legally impermissible defense except as applied to state actors protected by immunity in 1871 when 42 U.S.C. § 1983 was enacted. Congress makes laws. Courts do not. However, the qualified immunity defense was invented by judges. When judges make law, they violate the Separation of Powers doctrine, and the Privileges and Immunities Clause of the United States Constitution. Plaintiff respectfully makes a good faith argument for the modification of existing law, such that the court-created doctrine of qualified immunity be abrogated or limited.

Officer Luich cannot show that she would fall within the category of persons referenced in the second sentence of this footnote. This would be her burden, if she chooses to assert the alleged defense. Qualified immunity, as applied to persons not immunized under common or statutory law in 1871, is untethered to any cognizable legal mandate and is flatly in derogation of the plain meaning and language of Section 1983. *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1870-72 (2017) (Thomas, J., concurring). Qualified immunity should have never been instituted as a defense, without any statutory, constitutional, or long-held common law foundation, and it is unworkable, unreasonable, and places too high a burden on Plaintiffs who suffer violation of their constitutional rights. Joanna C. Schwartz, *The Case Against Qualified Immunity*, 93 NOTRE DAME L. REV. 1797 (2018) (observing that qualified immunity has no basis in the common law, does not achieve intended policy goals, can render the Constitution "hollow," and cannot be justified as protection for governmental budgets); and William Baude, *Is Qualified Immunity Unlawful?*, 106 CALIF. L. REV. 45, 82 (2018) (noting that, as of the time of the article, the United States Supreme Court decided 30 qualified immunity cases since 1982 and found that defendants violated clearly established law in only 2 such cases). Justices and former justices including Justice Thomas, Justice Breyer, Justice Kennedy, and Justice Sotomayor have criticized qualified

19.   Therefore, Plaintiff seek the following damages suffered by Ashley for which she seeks recovery from Officer Lucich:

- past physical pain;
- future physical pain;
- past mental anguish;
- future mental anguish;
- past physical impairment;
-  future physical impairment;
- past disfigurement;
- future disfigurement;
- medical healthcare, and any other expenses incurred in the past;
- medical healthcare, and any other expenses that in reasonable probability will be incurred in the future; and
- Exemplary/punitive damages.

Exemplary/punitive damages are appropriate in this case to deter and punish clear and unabashed violations of Ashley's constitutional rights. Officer Lucich's actions showed a reckless or callous disregard of, or indifference to, Ashley's

---

immunity. *Schwartz, supra* at *1798—99. *See also Cole v. Carson,* 935 F.3d 444, 470-73 & nn. 1, 10 (5th Cir. 2019) (*en banc*) (Willett J., dissenting), *cert., denied sub nom.*, *Hunter v. Cole*, 207 L.Ed. 2d 1051 (U.S. 2020). Additionally, qualified immunity violates the Separation of Power doctrine of the Constitution. *See generally* Katherine Mums Crocker, *Qualified Immunity and Constitutional Structure,* 117 MICH. L. REV. 1405 (2019) (available at https://repository.law.umich.edu /mlr/vo1117/iss7/3). Plaintiff includes these arguments in the footnote to assure that, if legally necessary, the qualified immunity abrogation or limitation issue has been preserved.

rights and safety. Moreover, Plaintiff seeks reasonable and necessary attorneys' fees available pursuant to 42 U.S.C. §§ 1983 and 1988.

## Cause of Action Against City of Corpus Christi Under 42 U.S.C. § 1983 for Violations of Constitutional Rights

20.  In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein (including all allegations in the "Factual Allegations" section above) to the extent they are not inconsistent with the cause of action pled here, defendant City of Corpus Christi is liable to Plaintiff pursuant to 42 U.S.C. § 1983, for violating Ashley's rights guaranteed by the United States Constitution, including the 4th Amendment.

21.  City of Corpus Christi acted or failed to act, through natural persons including Officer Lucich, under color of state law at all relevant times. City of Corpus Christi's policies, practices, and/or customs were moving forces behind and caused, were producing causes of, and/or were proximate causes of Ashley's damages.

22.  The Fifth Circuit Court of Appeals has made it clear that Plaintiff does not need to allege the appropriate chief policymaker at the pleadings stage. Nevertheless, out of an abundance of caution, the City of Corpus Christi Chief of Police was the relevant chief policymaker over matters at issue in this case. Nevertheless, this is just a suggestion as to the relevant chief policymaker.

11

23. City of Corpus Christi was deliberately indifferent regarding policies, practices, and/or customs developed and/or used with regard to issues addressed by allegations set forth above. It also acted in an objectively unreasonable manner. Policies, practices, and/or customs referenced above, as well as the failure to adopt appropriate policies, were moving forces behind and caused violation of Ashley's rights and showed deliberate indifference to the known or obvious consequences that constitutional violations would occur. City of Corpus Christi's policies, practices, and/or customs, whether written or not, were also objectively unreasonable as applied to Ashley.

24. Therefore, Plaintiff seeks the following damages she suffered, for which she seeks recovery from City of Corpus Christi:

- past physical pain;
- future physical pain;
- past mental anguish;
- future mental anguish;
- past physical impairment;
- future physical impairment;
- past disfigurement;
- future disfigurement;
- medical healthcare, and any other expenses incurred in the past;
- medical healthcare, and any other expenses that in reasonable probability will be incurred in the future.

Moreover, Plaintiff seeks reasonable and necessary attorney's fees available pursuant to 42 U.S.C. §§ 1983 and 1988.

25. All conditions precedent to assertion of all claims herein have occurred.

26. Plaintiff intends to use at one or more pretrial proceedings and/or at trial all documents produced by Defendants in this case in response to written discovery requests, with initial disclosures (and any supplements or amendments to same), and in response to Public Information Act request(s).

**Jury Demand**

27. Plaintiff demands a jury trial on all issues which may be tried to a jury.

**Prayer**

28. For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that Plaintiff has judgment within the jurisdictional limits of the court and against Defendants, jointly and severally, as legally available and applicable, for all damages referenced above and below in this pleasing:

    a. actual damages of and for Ashley, including but not necessarily limited to:

- past physical pain;
- future physical pain;
- past mental anguish;
- future mental anguish;
- past physical impairment;

13

- future physical impairment;

- past disfigurement;

- future disfigurement;

- medical healthcare, and any other expenses incurred in the past;

- medical healthcare, and any other expenses that in reasonable probability will be incurred in the future.

b)  exemplary/punitive damages from Officer Lucich;

c)  reasonable and necessary attorneys' fees for Plaintiff, through trial and any appeals and other appellate proceedings, pursuant to 42 U.S.C. §§ 1983 and 1988;

d)  court cost and all other recoverable costs:

e)  prejudgment and post judgment interest at the highest allowable rates; and

f)  all other relief legal equitable, general and special, to which Plaintiff is entitled.

Respectfully submitted

/s/ M. Michael Meyer
M. Michael Meyer
Federal Admission No. 9398
State Bar No. 13993850
mmeyer@bandaslawfirm.com
Suite 1400
802 N. Carancahua Street
Corpus Christi, TX 78401
361.698.5200
361.257.2316 (Direct)
361.698.5222 (Facsimile)

Attorney-in-Charge for Plaintiff
Ashley O'Brien

14

Of Counsel:

BANDAS LAW FIRM, P.C.
Suite 1400
802 N. Carancahua Street
Corpus Christi, TX 78401
361.698.5200
361.698.5222 (Facsimile)

15